Filed 5/12/16  P. v. Mulz CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E064596 |
| v. | (Super.Ct.No. FVI1302679) |
| ANTHONY RICHARD MULZ, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Debra Harris, Judge.  Affirmed with directions.

Forest M. Wilkerson, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant Anthony Richard Mulz was charged by felony complaint with first degree residential burglary (Pen. Code, § 459, count 1), the unlawful driving or taking of a vehicle (Veh. Code, § 10851, subd. (a), count 2), and receiving stolen property (Pen. Code, § 496d, subd. (a), count 3).  It was also alleged that he had one prior

1

strike conviction.  (Pen. Code, §§ 1170.12, subds. (a)-(d) & 667, subds. (b)-(i)).)  Defense counsel declared a doubt as to defendant's competency, so the trial court suspended proceedings and referred the matter out for a mental health evaluation.  A medical report was submitted finding defendant incompetent.  The People requested a second doctor to examine defendant, and the court granted the request.  A second report was submitted finding defendant incompetent, and the parties set the matter for a competency trial.  The matter was continued numerous times.  Defense counsel requested defendant to be reevaluated.  A medical report was submitted finding defendant competent to stand trial.  Criminal proceedings were then reinstated.  Pursuant to a plea agreement, defendant pled no contest to the lesser included offense of attempted residential burglary (Pen. Code, §§ 664, 459) and admitted the prior strike conviction.  In accordance with the plea agreement, the court sentenced him to the middle term of two years in state prison, doubled pursuant to the strike conviction.  The court also awarded 1460 days of presentence custody credits.  The court released defendant and ordered him to report directly to parole.

Defendant filed a timely notice of appeal, challenging the validity of the plea.  He requested a certificate of probable cause, which the court granted.  We direct the superior court to dismiss counts 2 and 3.  Otherwise, we affirm.

PROCEDURAL BACKGROUND

Defendant pled no contest to one count of attempted first degree residential burglary.  (Pen. Code, §§ 664, 459.)

2

<u>DISCUSSION</u>

Defendant appealed and, upon his request, this court appointed counsel to represent him. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case and no potential arguable issues. Counsel has also requested this court to undertake a review of the entire record.

We offered defendant an opportunity to file a personal supplemental brief, which he has not done.

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have conducted an independent review of the record and find no arguable issues.

Although not raised by the parties, we note an apparent clerical error. Generally, a clerical error is one inadvertently made. (*People v. Schultz* (1965) 238 Cal.App.2d 804, 808.) Clerical error can be made by a clerk, by counsel, or by the court itself. (*Ibid*. [judge misspoke].) A court "has the inherent power to correct clerical errors in its records so as to make these records reflect the true facts. [Citations.]" (*In re Candelario* (1970) 3 Cal.3d 702, 705.)

In this case, the court neglected to dismiss counts 2 and 3. The plea agreement stated that defendant would plead no contest to a lesser included offense of count 1 and admit the prior strike conviction, in exchange for a four-year term in state prison, minus custody credits, and the dismissal of the remaining allegations. Defendant pled no contest to a lesser included offense of count 1, but the court did not dismiss counts 2 and 3. Neither party mentioned the court's failure to dismiss the counts below or on appeal.

3

There is no reference to counts 2 and 3 in the abstract of judgment. Thus, the record indicates that the parties intended those counts to be dismissed. It is evident the court's failure to order the dismissals was inadvertent. Accordingly, in the interest of clarity, we will direct the trial court to dismiss counts 2 and 3 and to generate a new minute order reflecting the dismissals.

## DISPOSITION

The trial court is directed to order the dismissal of counts 2 and 3, and the superior court clerk is directed to generate a new minute order reflecting those dismissals. In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

HOLLENHORST

J.

We concur:

RAMIREZ

P. J.

McKINSTER

J.